Jones, J.
The provision of the Kevised Statutes, (§ 23, title 1, chap. 6, part 3,) relied on by the defendant’s counsel, is no longer in force. The whole title of which the section in question is a part, relates to the former mode of commencing actions and to proceedings to be had upon a capias ad respondendum, which was one of the modes of commencing an action as provided by that title. It is evident the word process, used in the twenty-third section, refers to a capias ad respondendum. The modes of commencing an action as established by this title, including therein the capias ad respondendum, together with the proceedings to be had on such writ, have been superseded by the Code of Procedure. There is no longer any such writ as a capias ad respondendum by which a suit can be commenced. Consequently sections three to twenty-two, relating to the arrest of the defendant on such writ, the taking of bail, the' putting in of special bail, the entry of appearance, &c. are clearly repealed. So also section twenty-four, which requires the plaintiff, after the defendant has appeared by causing his appearance to be entered, or by putting in and perfecting special bail, to declare by the end of the next term after the return of the writ, by which such suit was commenced, is repealed. For a suit can no longer be commenced by a writ, and consequently it cannot be returnable at any time. And, moreover, this section of the Eevised Statutes is in direct conflict with sections 130 and 416 of the Code, which provide the manner in which the defendant is to obtain a copy of the complaint, and to procure it to be filed if he so desires. It thus clearly appearing that all the sections of this title, other than the twenty-third, relating to the capias ad respondendum and the proceedings to be had thereon are repealed, section twenty-three must follow the same fate, unless some reason applicable to it which does not apply to the others, calls for its retention. I perceive no such *230 reason. On the contrary the reasons which led to the insertion. of this section in the Revised Statutes, have no application to the present system, and the section itself is in conflict with the system established by the Code. The capias ad respondendum provided for by the title in question was, as its name imports, a writ whereby the defendant was brought into qourt to answer the declaration. It was therefore proper, in providing for the proceedings to be had on such writ, to include among the provisions made, certain ones by which the defendant should not be kept for an indefinite length of time awaiting the declaration which the writ called on him to answer. This was the object of sections 23, 24 and 25. These sections, taken together, provided for all cases of want of prosecution in not declaring, when the action was commenced by capias. The provision made was, to render it the duty of the plaintiff to declare by a certain time, and in case he did not, to visit his default by giving judgment of discontinuance, against him, and if the defendant was in custody, his discharge necessarily followed the discontinuance, since there was no suit pending to uphold the imprisonment.
The Code has provided a means whereby a defendant may obtain a discontinuance of an action for want of prosecution in not serving a complaint which is entirely different from that provided by the Revised Statutes. Thus under the Code, (where the complaint is not served with the summons,) the period within which the complaint must be served, instead of being fixed definitely by statute to expire' on the lapse of a certain period after service of the summons, is made to depend on an act of the defendant. (See § 130.) Thus, unless the defendant serves the notice required by that section, the plaintiff is not bound to serve a complaint. Consequently his suit cannot, unless such a notice be given, be dismissed for want of prosecution in not serving a complaint. It follows that the reason *231 of the statutory provisions made by the Revised Statutes, whereby a defendant in custody under a capias will be discharged upon a judgment being given discontinuing the action by reason of the non-service of a declaration within the time prescribed by the statute, cannot apply unless the defendant has placed himself in such a position as to require the service on him of a complaint, and the plaintiff .has not complied with such requisition. This section (130) is one of a series of provisions regulating the conduct of all actions.
It seems to me to he contrary to the intent of the Code, as expressed in the preamble, to wit, “to establish an uniform. course of proceeding in all cases,” to hold that in the same action this section applies and does not, according to whether the plaintiff has called to his aid in the action the provisional remedy of arrest. Ror is there any necessity, for the purpose of affording a defendant, situated as the present one is, adequate relief, to hold that this one section, out of the twenty-five relating to the same subject, stands unaffected by the sweeping change made in the law concerning the conduct of actions. Under the Revised Statutes, a defendant was obliged to lie in custody for at least thirty-one days, and then move for judgment of discontinuance and his discharge. Under the Code, he need remain in custody hut twenty-one days,, and then move for a dismissal of the complaint and his discharge. It is true the Code requires a defendant to serve a written demand for a complaint, to entitle him to service of a copy of it, which requirement is not contained in the Revised Statutes; but whatever slight inconvenience this requirement may occasion to a defendant, it is amply compensated by enabling a defendant, by means of such demand, to shorten the period of his imprisonment. Some little doubt may have suggested itself to the defendant’s counsel, arising from the fact that there is no positive provision *232 of the Code, as there is of the Revised Statutes, requiring the discharge of a defendant from custody, if the plaintiff neglects to serve a complaint. Such provision seems to me to have been inserted in the Revised Statutes, ex abundanti cautela, and was wholly unnecessary. The discharge necessarily followed the judgment of discontinuance. All that was requisite to be inserted in the statute was a provision authorizing such judgment. Under the Code there are, at least, three ways of obtaining a judgment of discontinuance for want of prosecution. Under subdivision 4 of section 274, if a plaintiff, after serving the summons, unreasonably neglects to proceed to judgment against the defendant served, he may, without either demanding a copy of the complaint, or requiring the complaint to be filed, move the court to dismiss it. Under section 130, a defendant served with a summons, may demand a copy of the complaint to be served on him, and if it is not served within twenty days thereafter, may then, under section 274, move the court to dismiss the complaint. Under section 416, if a plaintiff does not, within ten days after service of the complaint, file it with the clerk of the court, the defendant is entitled to an ex parte order from a judge, requiring it to be filed within a time to be specified in the order, or that it be deemed abandoned. If a complaint be dismissed in either of these modes, a defendant, in custody under an order of arrest issued in the action, must, as matter of course, be discharged fi-om custody, and, after the dismissal of the complaint, such discharge will be ordered ex parte, or the defendant may include, in his notice of motion for a dismissal of the complaint, a motion for. discharge from imprisonment. The papers on this motion, however, do not bring the case within any of the above provisions of the Code. They show neither a demand for a copy of the complaint, nor an order made requiring the complaint to *233 be filed; nor do they show that the plaintiff has not proceeded to judgment. If the plaintiff has proceeded to judgment, and neglects to proceed to charge the defendant in execution, the remedy is under the Revised Statutes, (2 R. S. p. 556, §§ 36 and 37,) upon showing the matters required by those sections.
Some slight allusion was made on the argument to a defect in the summons, and in the copy of papers served. These defects are mere irregularities, and not having been specified in the notice of motion, cannot be relied on. If these had been pointed out in the notice of motion, they might have been cured by amendment. I am aware this motion is brought on by an order to show cause, and not by notice; but the same rule applies to an order to show cause as to a notice of motion.
Motion denied, without costs, without prejudice to the defendant to move for a dismissal of the complaint, and discharge from imprisonment, as indicated in the above opinion.