(63 South. 280.)

No. 19,413.

GREVEMBERG v. ROANE.

(June 30, 1913. Rehearing Denied Oct. 20, 1913.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 783*)—GROUND FOR DISMISSAL—NEW TRIAL.

Failure to ask for a new trial is not ground for dismissing an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3125; Dec. Dig. § 783.*]

2. ASSAULT AND BATTERY (§ 35*)—CIVIL ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence, in a civil action for assault, *held* to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 51; Dec. Dig. § 35.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Neill, Judge.

Action by Agricela J. Grevemberg against J. D. Roane. From a judgment for plaintiff, defendant appeals. Affirmed.

Foster, Milling, Brian & Saal, of Franklin, for appellant. A. B. McGowen, of Jeanerette, and W. C. Baker, of Franklin, for appellee.

PROVOSTY, J. This suit is for slander and assault; but the slander part must be disregarded.

The jury gave plaintiff $300. The appeal is by defendant. Plaintiff has moved that it be dismissed on the ground that there was no motion made for a new trial, and with that motion has coupled, in the alternative, the somewhat incongruous prayer that the judgment be increased.

[1] Failure to have asked for a new trial is no ground for dismissing an appeal. Kramer v. Railroad Co., 51 La. Ann. 1689, 26 South. 411. The motion to dismiss must therefore be overruled. But it has served the purpose of showing that plaintiff is well enough satisfied with the judgment and that the prayer for increase is merely perfunctory.

[2] Plaintiff having informed his brother-in-law, the brother of defendant, that he was going to defendant's house to see him on business, this brother said he too needed to see his brother and they would go together. When they reached there, defendant was about to sit down at dinner and invited the two visitors to join him. They declined, saying they would wait in the living room. When defendant joined them there, he began at once to ask plaintiff why plaintiff had written to Mr. Breaux that he (defendant) had taken back his place. Plaintiff denied

having written, and defendant advanced towards him with clenched fists and called him a liar and ordered him out of his house, applying abusive epithets to him. What then took place is testified to by the brother as follows:

"He [plaintiff] said: 'Jefferson, you have abused me worse than a nigger here in your own house and you must stop it.' He [defendant] jumped up and said: 'Don't you tell me that, I won't stop anything.' He then grabbed his Luger gun [pistol] and said: 'You d—— little cajin s—— of a b——, I will kill you.' And that's where I got between them at the door. Grevemberg backed out on the gallery, threw off his coat, and said: 'I am not armed; you can shoot me; but you will shoot me unarmed,'" etc.

The cause of defendant's anger seems to have been that plaintiff had cut ahead of him in securing from Mr. Breaux a lease which he himself coveted.

Defendant denies that he made any attempt to shoot. He says he merely took his pistol up from the table and held it until plaintiff had gotten out of the house.

We have to accept the statement of the other two witnesses, as the jury did.

The facts can be left to speak for themselves. No comment is necessary.

Judgment affirmed.

MONROE, J., concurs in the decree.