(91 South. 852)

No. 24445.

### MALONEY v. SCHULINGKAMP et al.

(May 1, 1922.)

(Syllabus by Editorial Staff.)

Attorney and client ⬤�longdash⟩141—Attorney probating will and handling legal affairs of estate until discharged held entitled to fee of $1,500.

An attorney employed to probate a will and handle the legal affairs of an estate inventoried at $43,627.14, who procured the probate of the will upon proof of its validity under the laws of the state where it was drawn, made the necessary return disclosing that no federal estate tax was due, and during a period of two months was consulted and called in conference many times with reference to the business and affairs of the succession including the claim of a third person that he was a partner of deceased in a mercantile business, and who had prepared the provisional account of the executrix when summarily discharged, and whose advice complained of by the executrix was apparently proper, held entitled to a fee of $1,500.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Paul W. Maloney against Mrs. Leonie Cazaubon Schulingkamp and others. From a judgment for plaintiff for an insufficient amount, he appeals. Amended and affirmed.

See, also, 148 La. 953, 88 South. 229.

George Montgomery and Robert H. Marr, both of New Orleans, for appellant.

Sol Weiss, of New Orleans, for appellees.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Plaintiff sued for his fees as attorney for the succession of Emile Schulingkamp, and defendants are the widow and heirs of the deceased. The only question involved is as to the value of plaintiff's professional services. He claimed 5 per cent. on the amount of the inventory, or $2,181.35, and the lower court gave judgment for $1,000, from which plaintiff appealed.

### Opinion.

Emile Schulingkamp died in the city of New York, while there on business. Before his death, however, after being informed of the serious character of his illness, he executed under the advice of a lawyer of that city a will conforming to the laws of New York. Plaintiff was employed by the widow to probate the will, of which she was named executrix, and to handle the legal affairs of the estate, with the view ultimately, after concluding the executorship, of sending her and her children into possession of the succession property and effects. No agreement was made as to the amount of plaintiff's fees.

Before probating the will, it became necessary to establish its validity under the laws of New York, inasmuch as it had not been executed pursuant to the forms of the Louisiana law. This plaintiff did through the testimony of the New York lawyer who had prepared it. In the meantime, and pend-

ing the obtention of this proof, on application to the court below an inventory was made of the property of the succession, consisting of both real and personal property, and including stocks of merchandise in two business establishments situated in the city of New Orleans, all of which plaintiff personally supervised. The inventory amounted to $43,627.14. The will was thereafter probated and the widow qualified as executrix.

The federal Internal Revenue Department, through the usual forms, called upon the executrix to report upon the amount due to the government as the federal estate tax, and plaintiff made the necessary return disclosing that none was due. The matter was not further pressed by the Revenue Department.

Plaintiff's employment extended over a period of more than two months, during which time he was consulted and called in conference many times, with reference to the business and affairs of the succession. One Lazarus, who had in some way been connected or employed in one of the mercantile establishments, claimed to be a partner of the deceased, and plaintiff's services were required in dealing with this matter, including the obtaining from Lazarus of keys to the establishment, and his desistance from participating in the affairs of the business.

When plaintiff had prepared the provisional account of the executrix, and placed himself thereon for the fee now claimed, she became dissatisfied and summarily discharged him, before he had had a chance to complete the work and to send the defendants into possession.

The executrix complained that she had been advised to open a bank account in her own name and had not been permitted to use the funds realized from the mercantile establishments to pay the debts. But this appears to have been satisfactorily explained by the fact that when the account was opened

the proceedings necessary to prove and probate the will had not been completed, and she had not been qualified as executrix; and the claims had to be proven and approved by the court before being paid. She also objected to the advice which plaintiff had given against continuing the interest of the minors in what was said to be a hazardous mercantile business; but, in giving this advice, we think plaintiff was acting within the contemplation of the Civil Code. So far as we can see, his professional services were valuable and in conformity to what they should have been in the circumstances. Had he been allowed to complete the purposes of the employment, the fee claimed would, under all the evidence and circumstances of the case, have been fair and reasonable. Since he was not allowed to continue, through no fault of his own, and there only remained about one-fourth of the work to be completed, we think the sum of $1,500 would be commensurate with the work performed.

For the reasons assigned, the judgment appealed from is amended by increasing the fee to $1,500, and thus amended it is affirmed, at defendants' cost.