LAND, J.
 

 Ike Herdman executed bis last will and testament October 24,1916, and died in tbe city of New Orleans December 9,1916.
 

 On December 11, 1916, tbe will was duly probated. Felix J. Dreyfous was confirmed as executor, and Hon. John 0. Davey was appointed attorney to represent tbe absent beirs.
 

 Tbe testator bequeathed bis estate to bis wife and three children, whom be bad left in Odessa, Russia, 35 years before bis death, and, in default of these, tbe property was devised to bis brothers and sisters and their descendants. Alfred D. Danziger- was selected by tbe executor as bis attorney.
 

 Tbe phase of the case now before us is an opposition to tbe final account of tbe executor as to fees for services rendered by bis attorney, and also an opposition as to fees filed by tbe attorney for tbe absent beirs. Tbe amount claimed by the attorney for tbe executor is $40,000, less a credit of $11,500, or a balance of $2S,500, and tbe amount claimed by the attorney for absent beirs for bis services is,$18,000, less a credit of $3,000.
 

 From a judgment of tbe civil district court of tbe parish of Orleans sustaining tbe. oppositions of tbe attorneys, tbe heirs of Herd-man, joined by tbe executor, have appealed.
 

 1. While this court, as a general rule, lias limited attorneys’ fees in succession matters to 5 per cent, of the amount of tbe inventory, yet this is not an ironclad rule without exception, as shown by tbe decision of this court in tbe Succession of Pons, 142 La. 721, 77 So. 515, Ann. Cas. 1918D, 939, in which a fee of $33,500 was considered well earned in tbe defense of a suit of interdiction, contested during a period of nearly three years, and involving the control of an estate appraised at nearly $350,000.
 

 A case may be presented with such unusual features as to take it out of tbe general rule, and constitute, as it were, a case sui generis.
 

 We are satisfied that we have in the Herd-man succession a case before us of this peculiar character, as far as the question of attorneys’ fees is concerned. This is made plain by tbe testimony of tbe following attorneys appearing as witnesses for tbe opponent Danziger:
 

 In speaking of the exceptional circumstances of tbe case, Monte M. Lemann, an eminent member of the New Orleans bar, said:
 

 “First, the fact that the case has been pending for nine years, and has apparently required constant attention during that period, I have not had under my own observation any case in which that has been true. Second, that the case has involved .litigation and uncertainties of major importance. I'refer, first, to the claim of the state of Louisiana, and, second, to the uncertainty of the identity of the heirs. These were complications, I should say, of major importance. Those are briefly the exceptional circumstances of this case which influence my opinion.
 

 “Leaving aside the litigation of the state of Louisiana or the identification of the heirs, to which I referred particularly, I should say that the estate generally seemed to present the same kind of troubles that would be involved in any lar|e estate, where you had the necessity of a prolonged administration. I have had some experience in bankruptcy administrations and receiverships, which seem to me to afford perhaps a better analogy to this situation than the ordinary succession case, which, after all. is more or less a formal affair, not contested, a matter really more of care than of judgment or skill. Now you had in this ease a large estate, which was administered over a long period of time, with undoubtedly a tremendous burden of detail to be attended to.”
 

 Hon. J. Each Spearing testified that—
 

 “considering the services which were necessary, the amount involved, and that the estate of the deceased was saved from being escheated to the state of Louisiana, I consider that the fee charged is very reasonable indeed.”
 

 
 *765
 
 Mr. Sol Weiss in his testimony stated:
 

 “I believe that the estate did present a most unusual situation all around. I know very few estates which have consisted of such a vast number of properties requiring handling, administration, passing upon questions involved in real estate, questions of judgment on the part of the executor and his attorney as well in .the handling and sale and renting and repairing and caring for these numerous pieces of property of great value.”
 

 The assets of the succession of Herd-man were inventoried at $456,792.28. The claim of the state to this entire property as an escheat was defeated. Succession of Herdman, 154 La. 477, 97 So. 664.
 

 The services rendered by the attorney of the executor extended from the probating of the will December 11, 1916, until the heirs were recognized and sent into possession June 16, 1925, a period of over eight years.
 

 In addition to the routine work connected with the administration of the Herdman succession, the attorney of the executor compelled several purchasers of pieces of property sold under order of court to accept title to same; defended and defeated a damage suit for $5,000 brought by Mrs. John W. Bensel against the succession of Herdman and others, growing out of the falling of a sign from the premises at the corner of Canal and Royal streets, alleged to have caused injury to the plaintiff in that case; supervised settlements made with the inheritance tax collector, both state and federal, and settlements made with the income tax collector; corresponded with the department of state with a view of obtaining permission for the heirs of Herdman to enter the United^ States; and visited the city of Rotterdam to meet Mordko Herdman, one of the heirs, in order to take his testimony and that ofüis daughter before the American consul, so that the executor might be sure of his identity as one of the sons of Ike Herdman, the testator.
 

 And in this way the attorney for the executor came in touch, for the first time, with the heirs. of Herdman, including several of the heirs residing then in Riga, Russia, and furnished them with much needed funds.
 

 Mr. A. D. Danziger acted also as attorney for the executor during the negotiation of the lease of the property at Canal and Royal streets to the United Cigar Stores for a period of 15 years, at $27,500 a year, this property having been previously rented for less than half that amount. Considering the value of the estate, and all of these services to the heirs of Ike Herdman, and the length of time during which they were successfully performed by the attorney for the executor, we are of the opinion that a fee of $30,000 would not be excessive.
 

 While the net assets of the succession of Herdman appear from the inventory to be $342,689.68, it is conceded that their present value is largely in excess of that sum.
 

 The fee of $30,000 is subject to a credit of $11,500, leaving a balance due to the attorney for the executor of $18,500.
 

 The fee claimed by Hon. John C. Davey as attorney for absent heirs should be fixed in this ease from the standpoint of the fact that all of the heirs of Ike Herdman are absentees. The present case is, therefore, exceptional in that the entire property of the succession has fallen to absent heirs. Considering the services rendered by the attorney for absent heirs, the long period over which these services have extended, and the value of the succession property, we are of the opinion that the attorney for absent heirs should receive a fee of at least $6,000, subject to a credit of $3,000, leaving a balance due him of $3,000.
 

 It is therefore ordered that the judgment appealed from be amended by reducing the fee allowed to A. D. Danziger, attorney for the executor of Ike Herdman, from $40,000 to $30,000, less a credit of $11,500, leaving a balance due to said attorney of $18,500.
 

 
 *767
 
 It is further ordered that said judgment be amended by reducing the fee allowed to Hon. John O. Davey, attorney for absent heirs, from $18,000 to $6,000, less a credit of $3,-000, leaving a balance due said attorney of $3,000.
 

 It is now ordered that said judgment, as amended, be affirmed; appellees to pay costs of appeal, and appellants the costs of the lower court.