(111 So. 475)

No. 26666.

### FIRST NAT. BANK OF ARCADIA v. SAM M. RICHARDSON & CO. et al.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ☜934(3)—In absence of note of evidence and statement of facts, default judgment must be presumed rendered on proper evidence.

In absence of note of evidence and statement of facts, judgment on default must be presumed to have been rendered on proper evidence, and assignment of errors contesting sufficiency of evidence to support judgment would be of no avail.

2. Partnership ☜146(1) — Partnership note held to evidence joint and several obligation on face.

Note executed by partnership and indorsed by one partner *held* to evidence on its face a joint and several obligation.

3. Appeal and error ☜783(2)—Failure to ask new trial is no ground for dismissing appeal.

Failure to ask for a new trial is no ground for dismissing an appeal.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by the First National Bank of Arcadia against Sam M. Richardson & Co. and another. Judgment for plaintiff, and defendants appeal suspensively. Amended, and affirmed as amended.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellants.

J. Rush Wimberly, of Arcadia, for appellee.

LAND, J. The First National Bank of Arcadia, Bienville parish, La., instituted the present suit on a promissory note for $5,000, executed by Sam M. Richardson & Co., and due 60 days after date, with 8 per cent. per annum interest after maturity until paid.

It is alleged in plaintiff's petition that Sam M. Richardson & Co. is a commercial partnership composed of Sam M. Richardson and D. C. Richardson, both residents of the parish of Caddo.

The note sued upon is indorsed by D. C. Richardson, and plaintiff bank avers that Richardson owes the note, not only as a commercial partner of Sam M. Richardson & Co., but that, as indorser, he is bound for the payment of same in solido with the other parties.

A default was taken, and was duly confirmed. Judgment was rendered in favor of the First National Bank, the plaintiff, in the

full amount of the note, against the defendants Sam M. Richardson & Co., and D. C. Richardson in solido.

Defendants have appealed suspensively from this judgment.

The First National Bank, plaintiff and appellee, has filed a motion to dismiss the appeal, on the following grounds:

(1) That the judgment appealed from was rendered by default.

(2) That there was no application for a new trial in the lower court.

(3) That no errors have been assigned and no assignment of error has been filed, as required by law and by the rules of this court.

Appellants have filed neither brief nor assignment of errors.

[1] It is true that no evidence was taken down when the default was confirmed, and that there is no statement of facts in the record.

However, the minutes of the lower court recite that on motion of counsel for plaintiff a nonsuit was taken as to Sam M. Richardson; that evidence was adduced; that the default was confirmed as to the other defendants; and that judgment was rendered for plaintiff.

The judgment found in the transcript declares that the law and the evidence was in favor of plaintiff.

As said in Stout v. Henderson, 157 La. 171, 102 So. 194:

"It cannot be assumed, in the absence of a note of evidence and of a statement of facts, that the trial judge has acted erroneously in confirming a judgment on default under the evidence adduced before him. A judgment must be presumed to have been rendered on proper evidence."

For this reason, an assignment of errors contesting the sufficiency of the evidence in support of the judgment in this case would have been a vain attempt on the part of appellants to reverse the judgment appealed from by them.

[2] The note in the record evidences upon its face a joint and several obligation.

[3] Failure to have asked for a new trial is no ground for dismissing an appeal. Kramer v. Railroad Co., 51 La. Ann. 1689, 26 So. 411; Grevemberg v. Roane, 133 La. 679, 63 So. 280.

The motion to dismiss is therefore denied and overruled. Plaintiff is clearly entitled to have the judgment in its favor affirmed.

It appears, however, that during the pendency of the appeal the defendant D. C. Richardson has died, and that his succession, through D. C. Richardson, Jr., administrator, has been made a party defendant to this suit. It becomes necessary, therefore, to amend the judgment appealed from in this respect.

It is ordered that the judgment appealed from be amended so as to decree its rendition against the succession of the late D. C. Richardson, and so as to direct the payment of said judgment by D. C. Richardson, Jr., administrator, in due course of administration.

It is now ordered that said judgment, as amended, be affirmed.