. 146 So. 477

### Succession of ROQUE.

#### No. 31878.

Jan. 30, 1933.

Rehearing Denied Feb. 27, 1933.

Adrian D. Schwartz, of Covington (Harvey
E. Ellis and Frank B. Ellis, both of Covington,
of counsel), for appellants Marion Roque,

Alice Anna Strain, Harvey E. Ellis, and Frank B. Ellis.

Benj. M. Miller, J. Monroe Simmons, and Lewis L. Morgan, all. of Covington, for opponents and appellees.

BRUNOT, Justice.

The decedent was married twice, first to Raymond Lazina, and after his death to Marion Roque, who survived her. Seven children were born of the first marriage, none of the second. Mrs. Roque died testate. She constituted one of her children, Alice Anna Lazina, the wife of Harry Strain, the executrix of her will, with seizen of her estate without bond, and bequeathed to her, in addition to her inheritable interest in the succession, the disposable portion of the testarix' property.

The will was probated, the executrix qualified, an inventory of the estate was made, and the administration of the estate was closed by the filing of the final account of the executrix.

The three sisters and three brothers of the executrix filed a joint opposition to the final account of the executrix, alleging therein that they were the only legitimate children of their mother and, therefore, they were her sole forced heirs and, as such, were entitled to the residue of the estate after the payment of the debts. They also specifically opposed the following items on the account: $2,350 fee of Harvey E. and Frank B. Ellis, as attorneys for the executrix; $1,245 for services rendered the deceased by Alice Anna Strain, as nurse, for a stated time; $16,400, an alleged community indebtedness to Marion Roque. The opposition was tried, and the decretal part of the judgment rendered thereon is in the following words:

"It is ordered, adjudged and decreed that the said opposition be maintained, in so far as to order that the said account be amended by reducing the amount of attorneys' fees appearing thereon for the attorney for the Executrix from the sum of $2,350.00 to the amount of $1,500.00; eliminating and striking from said account the item of $1,245.00 claimed by Alice Anna Strain, Executrix; and further eliminating and striking from said account and rejecting the separate claim of Marion Roque as stated thereon; and that, as amended, the said account be approved and homologated.

"It is further ordered that the rights of Marion Roque and the heirs of the deceased to assert their respective rights in an appropriate partition proceeding of the residue of the succession be and the same are hereby reserved.

"It is further ordered that the succession pay the costs of these proceedings."

It is this decree that is appealed from, and we are concerned only with the issues adjudged by it. The executrix, in her capacity as such, first appealed from the judgment. Later Alice Anna Strain, individually, Marion Roque, and Harvey E. and Frank B. Ellis filed a joint motion and obtained an order granting them a devolutive appeal from the judgment, and permitting them to join in the appeal previously taken by the executrix. A motion was filed in this court to dismiss the appeals. This motion was submitted and maintained, as to the appeal of the executrix, but it was overruled as to the other appellants. 175 La. 323, 143 So. 277.

The appellees have answered the appeal and pray that the judgment be amended by reducing the fee of the attorneys for the executrix to 5 per cent. of the inventoried value of the succession and by eliminating therefrom the reservation to Marion Roque and the heirs of the decedent to assert their respective rights to the residue of the succession in a partition proceeding, and, as thus amended, that the judgment be affirmed.

In homologating the final account, except as to the three items mentioned supra, the judgment, in effect, rejects the opponents' action in revendication and recognizes the estate as belonging to the community existing between the decedent and her surviving spouse, Marion Roque. Whether or not the action of revendication should have been pleaded in a direct action is, therefore, of no consequence to the appellants.

▮ Relative to the fee of the attorneys for the executrix, the trial judge correctly says:

"As a general rule attorneys' fees in a succession matter are limited to 5% of the inventory. Suc. of Herdman, 161 La. 762, 109 So. 482; Suc. of Williams, 156 La. 704, 101 So. 113, and cases there cited. However, there are exceptions to this rule. The present succession was rather involved. The will was in French, the status of the property complicated, the relations of the deceased and some of the heirs rather strained, the legitimacy of one of the children questioned, and the defense of the account and the claims thereon involved considerable work. Under these circumstances, and in view of the amount of labor and legal ability given the case by the two attorneys for the executrix, their zeal

in handling the whole matter, I am of the opinion that they should be allowed more than five per cent of the inventory. A fee of $1500.-00, less than nine per cent, appears reasonable and the item of attorneys' fees on the account will be reduced to that amount."

Our examination of the record convinces us that the judge's appreciation of the labor performed and the value of the exceptional and necessary services rendered to the executrix by her attorneys is correct, and that the fee fixed in the judgment is not excessive.

▮ There is no evidence in the record that the deceased agreed to pay Alice Anna Strain any sum whatever for nursing and caring for her prior to her death. With reference to this claim the trial judge correctly says:

"In the absence of proof to show an agreement to pay for services rendered by a child to a parent in the form of nursing and personal attention, such services are presumed to be gratuitous. Suc. of Brand, 162 La. 880, 111 So. 267, and cases there cited."

▮ In rejecting the claim of Marion Roque as a creditor of the community, the trial judge correctly says:

"The only question is whether this community owes anything to the separate estate of the surviving husband for money advanced by him and used for the benefit of this community. The husband's ownership of half of the property as the surviving husband cannot be doubted.

"However, for the husband to recover against the community for separate funds used for the benefit and enhancement of the community, he must not only show that he had such separate funds, but they were actu-

ally used for the benefit of the community. Suc. of Breaux, 38 La. Ann. 728; Munchow v. Munchow, 136 La. 753, 67 So. 819; Suc. of Ferguson, 146 La. 1010, 84 So. 338; Vicknair v. Terracina, 168 La. 417, 122 So. 276.

"According to the evidence in this case, the surviving husband had some seventeen or eighteen thousand dollars when he married the deceased, but there is no evidence to show that he invested these funds or any part of them for the benefit of the community. The court is not justified in drawing the inference that separate funds of the husband are used by him for the benefit of the community from the mere proof that he had such funds when he contracted the marriage. The declaration as to the status of the property made by the decedent in the will cannot fix or change the status of the property. Ramsey v. Beck, 151 La. 190, 91 So. 674. There is not sufficient proof to show that Marion Roque purchased any of the property inventoried as belonging to the succession, with his own separate funds nor for that matter, that he purchased any other property or made any investments for the benefit of the community."

█ Marion Roque himself testified on the trial of the opposition and he was silent as to the item carried on the account as an indebtedness due him by the community, nor did he indicate that he had loaned the sum claimed to the decedent, or to the community, or that he had used his separate funds for the purchase or improvement of any of the property inventoried in the decedent's succession. The failure of the claimant to testify to the existence of the alleged debt—a fact peculiarly within his knowledge—raises the presumption that the indebtedness does not exist.

School Board v. Trimble, 33 La. Ann. 1073; Pruyn v. Young, 51 La. Ann. 320, 25 So. 125; Nunez v. Bayhi, 52 La. Ann. 1719, 28 So. 349; Bastrop State Bank v. Levy, 106 La. 586, 31 So. 164; State v. Jahraus, 117 La. 286, 41 So. 575, 116 Am. St. Rep. 208.

█ Inasmuch as Marion Roque, the surviving spouse, is the owner of one-half of the community, and one of the heirs takes by will as well as by inheritance, the trial judge properly reserved their respective rights for final adjustment in an appropriate partition proceeding.

For the reasons stated the judgment appealed from is affirmed, at the appellants' cost.