LAND, Justice.
 

 On August 24, 1938, Guy Hollingsworth filed a petition in the Fourth Judicial District Court for partition of property owned in indivisión by him and the defendants. Pursuant to the prayer of the petition, experts appointed by the court reported that the property was not divisible in kind, and inventoried and appraised same at the sum of $2,628.50. Plaintiff prayed for judgment decreeing a partition by licitation; that the sale be made clear of all mortgages, liens and privileges by the Sheriff of Ouachita Parish to the last and highest bidder for cash, in order to effect the partition; that all parties be referred to L. L. Wood, Notary Public, for the purpose of completing the partition; that all mortgages, liens, and privileges be ordered transferred to the proceeds of the sale in the hands of the notary; and that a reasonable attorneys’ fee for provoking the • partition be allowed and taxed as costs.
 

 A judgment was rendered on October 6, 1938, ordering that the property be sold at public auction by the Sheriff of Ouachita Parish, after the notice and advertisement prescribed by law, to the last and highest bidder for cash, regardless of appraisal, for what it will -bring. Tr. 87.
 

 At the sale, December 24, 1938, Guy Hollingsworth, the only bidder, purchased the property for $115. After paying the attorneys’ fees and costs, the sheriff delivered the balance of $4.10 into the hands of the notary, who apportioned this sum in accordance with the shares of the co-owners, by allotting to plaintiff one-half of the amount, $2.05,- and to each of the five de
 
 *741
 
 fendants, as co-owner of
 
 Vvo
 
 interest, 41 cents each.
 

 After the proceedings before the notary were concluded, Guy Hollingsworth filed a rule February 14, 1939, for the homologation of the proceedings before the notary and the cancellation of encumbrances resting against the property. Two of the co-owners had refused to accept their portion of the proceeds and this amount was deposited in the registry of the court. The two dissatisfied co-owners, Mrs. Pearl Mims Staples and Mrs. Eva Mims Tippit, in answers to the rule urged the nullity of the partition sale on. the ground of fraud. After due trial of these issues, judgment was rendered April 13, 1939, for Guy Hollingsworth as prayed for. Defendants filed a motion for a rehearing, and the court rendered judgment May 11, 1939, granting a rehearing, and setting aside its previous judgment and refusing to homologate the proceedings before the notary, and setting aside the partition sale, and ordering a new sale by the sheriff in accordance with the previous judgment dated October 6, 1938.
 

 On May 18, 1939, Guy Hollingsworth obtained orders of suspensive and devolutive appeal returnable in the Supreme Court
 
 June 26, 1939,
 
 from the judgment rendered May 11, 1939, and on May 20, 1939, filed a suspensive appeal bond in the amount fixed by the Court.
 

 The judgment rendered May 11, 1939, was not formally signed until
 
 June 22,1939.
 
 On' that date, after the reading and signing of the formal judgment, Guy Hollingsworth again obtained orders of suspensive and devolutive appeal returnable on or before July 24, 1939, from the judgment rendered May 11, 1939, and formally signed June 22, 1939. Appeal bond was again filed by Guy Hollingsworth. One transcript of appeal containing the formally signed judgment has. been filed in this Court on June 23, 1939, which .date was after both orders of appeal were granted and before both return dates as fixed in the orders of appeal. Tr. p. 6, 6-A and 6-B.
 

 Two separate motions .to dismiss the appeal have been filed by defendants, appellees.
 

 The first motion is based on the. following grounds:
 

 That plaintiff, appellant, is attémpting to present to this Court two appeals, with the expectancy that the Court will choose the appeal it considers valid and adjudicate that one; that this procedure is a burden on the Court and is against good policy; that the appeal, or. appeals, should be dismissed.
 

 In the alternative, the judgment appealed from is a mere interlocutory judgment, not causing irreparable injury, and therefore no appeal lies; that the appeal should be dismissed. 1
 

 The second motion to dismiss is based on the contention that defendants, appellees, are owners in common with plaintiff, appellant, and are necessary parties to the appeal, but have not been made parties and are not before the Court; that, accordingly, the appeal should be dismissed.
 

 .(1). The minutes of the .lower court show that orders of suspensive and
 
 *743
 
 devolutive appeals from both judgments were asked by plaintiff in open court and at the same term of the court in which the judgments appealed from were rendered. Where appeal has been granted in open court, no citation of the appellees was necessary. Gardiner v. Erskine et al., 170 La. 212, 213, 127 So. 604; Succession of Williams, 156 La. 704, 101 So. 113; Swain v. Globe Lumber Co., 144 La. 207, 80 So. 256; Code of Practice, Art. 573.
 

 (2). The first appeal was taken after the rendering of a final judgment but before the signing of a formal judgment. The second appeal was then taken. Appellant obtained two separate orders of appeal, filed two appeal bonds, and the transcript of appeal was filed in this Court before both return dates.
 

 As said in Jackson v. Michie, 33 La.Ann. 723, at pages 726 and 727: “If the first order of appeal was illegal, as alleged, the jurisdiction of the District Court was not. divested over the matt.er of the appeal by the rendition of such order and the execution o'f the appeal bond under it.. It is true that the order of appeal and .the execution of the appeal bond in accordance therewith, as a general rule divests the inferior court of jurisdiction; but this contemplates a valid and legal order, and the giving of a bond under such order. If the order be illegally or irregularly rendered, the judge may correct such error by granting another order in conformity to law, notwithstanding the appellant may have given bond and brought up his appeal under the first order. The matter resolves itself into this: The first order of appeal was either legal or it was not. If legal, the proceedings under it are regular and legal, and the appeal should be maintained. If the order was illegal, then the granting of it did not divest the judge a quo of jurisdiction, but he could properly disregard it as a nullity and cure the irregularity by a subsequent order, as he did so; and the appeal under such subsequent order should be maintained, that is, if no other cause of dismissal is shown.”
 

 See also Bates v. Weathersby, 2 La.Ann. 484; Littleton v. Pratt, 10 La.Ann. 487, 488; State ex rel. Cientat v. Judge Twentyfourth Judicial Dist. Court, 32 La.Ann. 814.
 

 In Katz & Barnett v. Sorsby, 34 La.Ann. 588, 589, a motion to dismiss the appeal was made on the ground “That no appeal lies from such a judgment as that attempted to be appealed from, said judgment being an interlocutory one, which does not work irreparable injury.”
 

 The Court said in that case at pages 589, 590: “The second ground is disposed of by the authorities in (Hyde v. Jenkins) 6 La. [427], 435, (Park v. Porter) 2 Rob. 342, (Van Winckle v. Flecheaux) 12 La. [148] 149, (Kræutler v. Bank of United States) 11 Rob. 160, (State ex rel. Foulhouze [Perkins] v. Judge of Fifth District Court) 12 La.Ann. 455, and (Andry’s Ex’r v. Fourchy) 7 Rob. 232, in which it has been held and reaffirmed, that to entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury be absolutely irreparable. It suffices that it may become irreparable by the final judgment or action of the Supreme Court on that judgment.”
 

 
 *745
 
 In the syllabus in the case of The Testamentary Executor of Manuel Andry v. Alexander Fourchy, 7 Rdb. 232, it is stated: “An appeal will lie from a judgment making absolute a rule to show cause why certain property, purchased by defendant at a judicial sale, but not paid for according to the terms of the adjudication, should not be re-sold at his risk. The judgment, if executed, may work an irreparable injury, for the re-sale of the property might place it in other hands from which the reversal of the judgment below could not displace it.”
 

 In the body of the opinion Mr. Justice Martin said at page 233: “The Judge places both parties before us as joint owners of a piece of property, to the indivisión of which they sought to put an end by sale.
 

 “It was adjudicated to the defendant. The resale which the District Court has ordered may place it in other hands, from which the reversal of the judgment below could not displace it, and his title thereto, whatever it may be, would be irrevocably cancelled.”
 

 In the cited case the defendant prayed for a suspensive appeal from a judgment making absolute a rule which plaintiffs had obtained against him to show cause why the sheriff should not proceed to the resale of a house and lot in the City of New Orleans, which had been adjudicated to him, and why the resale should not be made at his risk and peril. The suspensive appeal being refused, he obtained a rule on the District Judge to show cause why a mandamus should not be issued, directing him to allow a suspensive appeal, and the rule for mandamus was made absolute by the Supreme Court.
 

 In State ex rel. Moore v. Judge of Twenty-second Judicial District, 37 La. Ann. 118, it is said by the Court at page 119: “It is settled that an order of sale of succession property, or even of other property, can be suspensively appealed from, as the execution of it might inflict irreparable injury. (State ex rel. Fassman v. Judge of Second District Court) 22 La.Ann. 200. See also (State ex rel. Morey v. Judge) 31 La.Ann. 823; (Andry’s Ex’r v. Fourchy) 7 Rob. 232. The reason is, that the sale of the property might place it in hands, from which the reversal of the judgment below could not wrest it, and that such sale, if made at a sacrifice, may prove ruinous to parties concerned.”
 

 For the reasons assigned the motions to dismiss the appeal are denied and overruled.