The plaintiff-appellee, Mrs. Wm. Winston Woods, has moved to dismiss this appeal on the following grounds "that the defendant and appellant's sole basis for appeal is that a new trial should be granted; that no application for a new trial or to reopen the case was ever made to the trial judge; that the defendant made no appearance in the trial court;" and that "there is no controverting evidence to appellee's demand for the Court to review, * * *".
It will be unnecessary to give a detailed statement of facts in this case, since it is clear that none of the grounds urged by appellee to dismiss this appeal is well founded.
The fact that defendant-appellant, Mrs. Caroline Catherine Schick Rednour, doing business under the name of William Rednour Transfer and Storage Company, did not appear in the lower court, and that judgment was rendered by default, does not deprive her of the right of appeal. In Bell v. Holdcraft, La.App., 196 So. 379, 381, appears the following: "An appeal will lie from a judgment rendered by default * * *". Nor is it important that defendant-appellant failed to request a new trial in the court below. In First Nat. Bank of Arcadia v. Sam M. Richardson Co.,163 La. 15, 111 So. 475, 476, the Supreme Court said: "Failure to have asked for a new trial is no ground for dismissing an appeal. Kramer v. Railroad Co., 51 La.Ann. 1689, 26 So. 411; Grevemberg v. Roane, 133 La. 679, 63 So. 280."
Further we find that appellee is in error in stating that appellant's sole contention is that a new trial should be granted.
The motion for appeal contains the statement: "* * * that mover, the defendant, is aggrieved by the judgment herein rendered * * *".
It was not necessary for appellant to state in her motion that there was error in the judgment of the lower court. In Lee v. Foley, 113 La. 663, 37 So. 594, 595, the appellee moved to dismiss the appeal on the ground that in the motion for appeal there was no allegation that there was error in the judgment nor that appellant had been in any way aggrieved by it. In refusing to dismiss the appeal, the Supreme Court said: "We know of no law requiring parties to actions applying for an appeal to declare in the motion that there was error in the judgment, or that they were aggrieved by it. The very fact of asking for an appeal evidences the fact that they consider themselves aggrieved. whether there was or was not error in the judgment. It is the very object of the appeal itself."
In the brief filed by plaintiff-appellee in support of her motion to dismiss this appeal appears the following: "The plaintiff and appellee urges that the only matter before this court is whether or not the allegations of the petition are sustained by the note of evidence contained in the record."
Conceding that this is the only matter before this court, it is clear that we cannot determine that question on a motion to dismiss. An inquiry into the merits of the case would be required. In Typhoon Fan Company v. Pilsbury, 166 La. 883,118 So. 70, the Supreme Court said: "Where a motion to dismiss is based upon grounds requiring such an inquiry, the motion will be denied, and the appeal will be heard regularly upon its merits. Baker v. Frellsen, 32 La.Ann. 822; Thomas v. Guilbeau, 35 La.Ann. 927; Pasley v. McConnell, 39 La.Ann. 1097, 3 So. 484, 485; Drewes Co. v. Ham Seymour, 157 La. 861, 103 So. 241; John Barkley 
Co., Limited, v. *Page 215 
Ham Seymour, 157 La. 872, 103 So. 245; Succession of Damico,161 La. 725, 109 So. 402; Succession of Pavelka, 161 La. 728,109 So. 403."
In a recent opinion of the Supreme Court, Succession of Lissa,194 La. 328, 193 So. 663, 665, appears the following: "The merits of this appeal can not be considered on the motion to dismiss, * * * `appeals are frequently dismissed, or their demands rejected, after hearing, when it would be improper to dismiss them on motion in limine.' Mutual Life Insurance Co. v. Houchins, 52 La.Ann. 1137, 1140, 27 So. 657, 658."
For the reasons assigned, the motion to dismiss the appeal is overruled.
Motion denied.