PROVOSTY, J.
This suit was brought on a paving certificate. Towards the end of the trial the defendant asked leave of the court to file an amended answer. The answer contained two additional defenses. The court granted leave to file one of these defenses, but refused leave as to the other. The defense as to which leave was granted was to the effect that one of the members of the city council had been interested in the contract under which the paving certificate was issued, and that on that account the certificate was null. In this supplemental answer, defendant renewed the prayer of his original answer for the dismissal of plaintiff’s demand, and added the following prayer: That there be judgment “ordering the recorder of mortgages for the parish of Orleans to cancel and erase from the records of his office the inscription of the certificate herein sued on.” The trial court sustained the above defense, and dismissed plaintiff’s suit, but lost sight of and ignored entirely this additional prayer for the cancellation and erasure of the inscription of the certificate. On appeal, the judgment was simply affirmed (40 South. 535, 116 La. 72); the said prayer being completely lost sight of and ignored. Defendant made no effort to obtain an amendment of the judgment, but in the lower court he took a rule on the plaintiff to show cause why, in view of the fact that the said certificate had been adjudged to be null and void, its inscription on the records of the recorder of mortgages should not be ordered canceled and erased. In other words, he renewed by rule that part of the prayer of his answer which had been lost sight of and ignored by the court Plaintiff excepted to the rule on the ground that a demand made in a suit, and not allowed or reserved in the judgment in the suit, must be considered as rejected, and that, therefore, the judgment, which ignored the said demand of defendant for the cancellation and erasure of the inscription of said certificate, was res judicata of the demand of the present rule. Plaintiff further pleaded that, while a right of action had been refused to plaintiff as a matter of public policy on the certificate, the court had not decided that the certificate itself was null, and that therefore the cancellation of its inscription was improperly being demanded. The trial court overruled this defense, and made the rule absolute, and defendant in rule has appealed.
We do not agree with defendant in rule that this court did not hold the said paving certificate to be null. The court denied an action on it. To hold that an obligation will not support an action is to hold that it has no legal life, or, in other words, is - null.
In opposing the plea of res judicata, plaintiff in rule insists that the leave granted by the court to file an amended answer was a restricted leave, and did not extend to the filing of the prayer for the cancellation of the inscription of the certificate, and that consequently that prayer did not form part of the amended answer as allowed to be filed.
We understand the situation differently. What the court would not allow the defendant to do by supplemental answer was to file an additional defense changing the issue. This prayer for the cancellation of the inscription was not an additional defense, but *747 was merely a consequence, and in our view a necessary and inevitable consequence, of the defense which the court permitted to be filed. Hence this prayer must be considered as having formed part of the answer as allowed to be filed, and the plea of res judicata filed by defendant in rule must be considered.
We do not think, however, that it has any merit. The certificate ceasing to have any legal life, its inscription became mere effete matter, uselessly' incumbering the record, to the hurt of plaintiff in rule and the good of no one. Therefore, after having decreed the nullity of the certificate, the court could not possibly have refused to order the cancellation of its inscription — not without stultifying itself. Therefore the failure so to order was necessarily the result of mere inadvertence, and what should thus have been done then can be done now.
The principle by which a demand not granted or reserved in the judgment must be considered as rejected (Villars v. Faivre, 36 La. Ann. 398) has no application in a case like the present one, where the thing omitted to be decreed is a necessary and inevitable consequence of the judgment, following it in the light of the law as the shadow follows the substance in the sunlight.
Judgment affirmed.
BREAUX, C. J. I concur in the decree.