By the WHOLE COURT.
 

 On Motion to Dismiss.
 

 LAND, J.
 

 Plaintiff instituted suit against defendant for an absolute divorce on the
 
 *685
 
 ground that they had been living separate and apart for a period of seven years.
 

 Defendant filed an answer in which he denied the separation, and set up a reconventional demand, praying- for the dissolution of the community, for one-half of all property belonging to said community, as well as for one-half of the rents alleged to have been collected and appropriated by his said wife. Subsequently defendant filed a supplemental answer admitting the separation, and also amending his reconventional demand in certain particulars.
 

 Upon trial of the rule to take judgment upon the face of the papers the court below made the rule absolute and rendered judgment in favor of plaintiff, decreeing an absolute divorce between the parties. Defendant took an appeal from this judgment, returnable to the Supreme Court on September 8, 1924. The transcript was filed September 6, 1924. On September 9, 1924, plaintiff filed a motion to dismiss said appeal on the grounds: (1) That the judgment was pro confesso, and therefore unappealable; (2) that no new trial was asked by defendant in the lower court; (3) that no assignment of errors had been filed in this court by appellant. On September 11, 1924, appellant filed an assignment of errors, reciting his reeonventional demand, and alleging as error patent on the face of the record the fact that the trial judge, while granting plaintiff and appellee a judgment of absolute divorce, should have retained jurisdiction of defendant’s reconventional demand. Defendant and appellant prays that in due course the judgment appealed from be amended so as to retain jurisdiction of defendant’s reconventional demand, and that plaintiff be cast with costs of appeal.
 

 1. The assignment of error was filed within 10 days from the filing of the record, and was in time to prevent the appeal from being dismissed, even though the motion to dismiss was made before the filing of the assignment of errors. State ex rel. Blackman v. Strong, 32 La. Ann. 173; C. P. art. 897.
 

 2. An application for a rehearing or a new trial is not required before party east in suit may appeal. Levert v. Berthelot, 127 La. 1004, 54 So. 329; Connelly v. Southern Pacific Co., 140 La. 120, 72 So. 829; Grevemberg v. Roane, 133 La. 679, 63 So. 280.
 

 3. A judgment rendered upon the face of the papers under the “Pleadings and Practice Act” is not a judgment by confession, from which no appeal lies, but is a judgment rendered upon material allegations of fact contained in the petition and not denied in the answer, and, upon allegations of fact in the answer, deemed and taken as true, for the purpose of disposing of plaintiff’s rule to take judgment upon the petition and answer. Necessarily in such a case the question of plaintiff’s right to a judgment upon the admitted facts is at issue, and presents a question of law reviewable by this court, if vested with jurisdiction over the subject-matter. The “Pleadings and Practice Act” does not deny to a defendant against whom a judgment is rendered on rule the right to an appeal, but provides that “no appeal.shall lie from such judgment dismissing such rule.” Act 300, 1914, § 1 (4), pp. 612, 613.
 

 The rule, however, in this ease was referred to the merits, the case was fixed for trial, and evidence was adduced. The rule was made absolute, and judgment was rendered in favor of plaintiff. It is true that this judgment is silent as to the disposition by the trial judge of the reconventional demand; yet, as the rule was referred to the merits and evidence heard, the judgment of the lower court must be construed as rejecting defendant’s demand in reconvention. Defendant’s right to appeal is apparent.
 

 The motion to dismiss is therefore overruled.