On Motion to Dismiss Appeal.
The plaintiff has moved to dismiss this appeal on the ground that the appellant Derbes, one of the defendants, confessed judgment. That is a mistake. Derbes, in his answer to the suit, admitted, specifically, many of the allegations of the petition, but he did not admit but on the contrary denied liability, and he prayed that his answers should be deemed sufficient and that the plaintiff's suit should be dismissed. On a rule issued at the instance of the plaintiff ordering Derbes to show cause why judgment should not be rendered against him for $2,250, on the admissions made in his answer to the suit, and why the suit should not be proceeded with for $6,000, the balance of the plaintiff's demand against Derbes, a judgment was rendered against Derbes for the $2,250, reserving the plaintiff's right to proceed with his suit for the remaining $6,000. This appeal is from that judgment.
A judgment rendered on the petition and answer, under the provisions of section 1 of Act 300, of 1914, pp. 612 and 613, is not a judgment by confession, in the meaning of article 567 of the Code of Practice, declaring *Page 1073 
that a party who has confessed judgment cannot appeal from the judgment. A defendant who denies liability, in his answer to the suit, has the right to appeal from a judgment rendered against him on the admissions made in his answer. Suarez v. Suarez,158 La. 682, 104 So. 616.
The motion to dismiss the appeal is overruled.
 On the Merits.
This is a suit to recover $2,250, deposited by the plaintiff in the hands of a real estate agent to guarantee the obligation of the plaintiff to buy from the defendant, Derbes, for $22,500 a certain tract of land described in the contract. The suit was brought, not only against Derbes, but also against J.H. Blache, the real estate agent who received the deposit, and against J.M. Blache, the surety on the bond of the real estate agent. The plaintiff alleged that Derbes admitted, after the contract was made, that he (Derbes) did not own the land, and that the owner who, he claimed, had bargained to sell the land to him had afterwards violated his obligation by refusing to sell the land. The plaintiff prayed for a judgment against the three defendants in solido for the $2,250, and against Derbes for the further sum of $6,000, for damages alleged to have been suffered on account of the breach of contract on his part.
Derbes, answering the suit, admitted the allegations with regard to the deposit of $2,250 and with regard to his inability to comply with his contract to sell the land to the plaintiff, but denied the allegations with regard to the damages, and defended the action for damages on grounds which need not be considered in this appeal.
At the instance of the plaintiff, a rule was issued ordering Derbes to show cause why judgment should not be rendered against him for the $2,250 on the admissions made in his answer, and why the suit should not be proceeded with for the $6,000 damages claimed. *Page 1074 
On trial of the rule, judgment was rendered accordingly; and Derbes appealed from the judgment.
J.M. Blache pleaded that the civil district court for the parish of Orleans had not jurisdiction of the suit against him ratione personæ. Inasmuch as he did not make any allegation of fact as to why the court did not have jurisdiction ratione personæ, the plaintiff's attorneys objected to the offering of evidence in support of the plea, and the court sustained the objection, and overruled the plea. The ruling was correct, if not for the reason given, surely for the reason that the court had jurisdiction of the suit against J.H. Blache, and the suit, being an action on his bond as real estate broker, is one in which, if he is liable, he and his surety are liable in solido. According to article 165 of the Code of Practice, as amended by the Act 71 of 1914, p. 188, the sixth exception to the general rule that a suit must be brought at the domicile of the defendant is that, when two or more defendants are joint or solidary obligors, they may be cited at the domicile of any one of them.
J.H. Blache pleaded that the action was premature, because the contract contained the stipulation: "Act of sale within 60 days from October 9, 1925." The judge was right in overruling the plea of prematurity, because the stipulation allowing 60 days in which to pay the price and take title was, manifestly, for the benefit of the buyer, not the seller. When Derbes acknowledged his inability to sell, the plaintiff was entitled to a return of his deposit of 10 per cent. of the price, although the 60 days had not expired.
Answering the suit, J.H. and J.M. Blache contended that, according to the contract, J.H. Blache was entitled to retain from the deposit $900 as his commission of 4 per cent. of the price stipulated in the contract. In other respects, J.H. and J.M. Blache admitted, in their answer, that the allegations in the plaintiff's petition were true. *Page 1075 
The plaintiff obtained a rule on J.H. and J.M. Blache to show cause why judgment should not be rendered against them on the admissions made in their answer, and, on trial of the rule, judgment was rendered accordingly. The judgment is correct. The contract was annexed to, and made part of, the petition, and the stipulation with regard to the broker's commission of 4 per cent. was that the plaintiff would pay the commission in the event of his failing to pay the balance of the price within 60 days. J.H. Blache was not the agent or representative of the plaintiff in the transaction, and the latter was not under any obligation to pay Blache a brokerage commission except on the contingency stipulated in the contract.
The plaintiff appellee, answering the appeal, has prayed for 10 per cent. damages for frivolous appeal. We are not convinced that the appellants were not in good faith in taking their appeals. Derbes' argument on the appeal was that the suit should have been brought only against the real estate agent who held the deposit, and against the surety on his bond. Although we maintain that Derbes is liable for the return of the deposit received by his agent, we believe that he was sincere in his argument to the contrary. We believe also that J.H. Blache was in good faith in his interpretation of the contract with regard to his commission; and, as to J.M. Blache, his appeal was necessary to protect him while the appeal taken by his principal was pending. We decline, therefore, to allow damages for frivolous appeal.
It is necessary that the two judgments that were rendered for the one obligation should be converted into one judgment against the three defendants in solido in order to fix the obligation inter se.
The judgments appealed from are amended so as to convert them into one judgment in favor of the plaintiff and against the three defendants in solido for $2,250, with legal interest from judicial demand, that is, from *Page 1076 
the 1st day of December, 1925, and for all costs of this suit, reserving to the defendant Philip J. Derbes his recourse against the two other defendants J.H. and J.M. Blache, in solido, in the event of his (Derbes') having to pay the judgment, and reserving to J.M. Blache his recourse against J.H. Blache in the event of his (J.M. Blache's) having to pay the judgment. As thus amended and converted, the said judgments are affirmed