On Motion to Dismiss Appeal.
O’NIELL, C. J.
The plaintiff has moved to dismiss this appeal on the ground that the appellant Derbes, one of the defendants, confessed judgment. That is a mistake. Derbes, in his answer to the suit, admitted, specifically, many of the allegations of the petition, but he did not admit but on the contrary denied liability, and he prayed that his answers should be deemed sufficient and that the plaintiff’s suit should be dismissed. On a rule issued at the instance of the plaintiff ordering Derbes to show cause why judgment should not be rendered against him for $2,-250, on the admissions made in his answer to the suit, and why the suit should not be proceeded with for $6,000, the balance of the plaintiff’s demand against Derbes, a judgment was rendered against Derbes for the $2,250, reserving the plaintiff’s right to proceed with his suit for the remaining $6,000. This appeal is from that judgment.
A judgment rendered on the petition and answer, under the provisions of section 1 of Act 300, of 1914, pp. 612 and 613, is not a judgment by confession, in the meaning of article 567 of the Code of Practice, declar *1073 ing that a party who has confessed judgment cannot appeal from the judgment. A defendant who denies liability, in his answer to the suit, has the right to appeal from a judgment rendered against him on the admissions made in his answer. Suarez v. Suarez, 158 La. 682, 104 So. 616.
The motion to dismiss the appeal is overruled.