HEINE v. DICKS ET AL.

(July 1, 1930. Opinion and Decree.)

J. E. Palmer and George Piazza, of New Orleans, attorneys for plaintiff, appellee.

Monroe & Lemann, Walter J. Suthon, Jr., of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This is a suit against a real estate broker, Arthur H. Dicks, and his surety, Globe Indemnity

Company, for the return of a deposit in the sum of $225. There was judgment below in plaintiff's favor as prayed for and defendant has appealed.

Miss Heine, plaintiff herein, under date of December 28, 1925, entered into a written agreement to purchase from Mrs. Erna Luderbach two certain lots of ground for the sum of $2,125 "net to owner. Taxes pro rated to date of act of sale. I agree to pay a commission of $100.00 over and above the sum mentioned above. Subject to Homestead Loan." She deposited with Dicks the sum of $225 on account of the purchase price, and it is for this sum that this suit is brought.

Coincident with the confection of the agreement to purchase, and we take it, as an inducement to Miss Heine, Dicks, it is admitted, agreed that the lots which Miss Heine had contracted to purchase would be resold for her at a profit within forty-five days or prior to her having to take title thereto. Dicks failed to sell the property at a profit, and Miss Heine declined to go forward with the transaction. Mrs. Luderbach waived any claim to the deposit, and Dicks insisted upon the right to deduct a commission of $100 before returning it to plaintiff.

The question before us is the right of the defendant Dicks to retain the sum of $100 for his commission growing out of this transaction. Plaintiff opposes his claim to the commission upon the ground that he has not earned it, because of his failure to secure a purchaser for Miss Heine at a profit without the necessity of her taking title to the lots as he had agreed to do and upon the further ground that the offer of, Miss Heine contained a potestative condition "subject to homestead loan," and was, therefore, invalid, and that Dicks was entitled to no commission for negotiating an illegal agreement of purchase and sale.

We believe the first objection to the retention of a commission by defendant is sound. The facts are not disputed, and it is frankly conceded, that the defendant Dicks agreed to sell the property for the plaintiff at a profit. It appears, therefore, that Miss Heine was induced to enter into the agreement for the purchase of the property by the representations of her agent that she would make a certain and quick profit on the transaction, or before she was required to take title. Dicks failed to carry out this assurance and is not entitled to his commission, for he has not earned it, a part of the consideration being his agreement to make a profit for Miss Heine.

Thus far there is little contention between opposing counsel. Dicks' right to the commission is but feebly asserted by counsel for the Globe Indemnity Company, who alone has appealed, Dicks himself having acquiesced in the judgment below by failing to appeal. But, it is said, whatever may be the situation as to Dicks, his surety, the bonding company, cannot be affected thereby because Dicks' bond is statutory, having been provided for by Act No. 225 of 1918, and it is well settled that the liability on a statutory bond can be neither greater nor less than the statute decrees. King vs. Grevemberg & Son, Inc., 13 La. App. 162, 127 So. 642; Texas Co. vs. Mattison, 12 La. App. 186, 125 So. 147.

We recognize the principle referred to by counsel but we cannot follow him in his application. It is difficult to see why Dicks' surety, statutory or otherwise, should be entitled to a credit of $100 which its principal, Dicks, cannot claim. If Dicks has not earned the commission, neither Dicks, his surety, nor any one else, is entitled to receive it, and to permit his surety to deduct that amount would, it seems to us, be entirely arbitrary. The obligation of the surety company, statutory though it be,

so far as this case is concerned, was and is the return of the money left with Dicks on deposit less any legitimate deduction, if .Dicks failed to do so.

The conclusion we have reached on this point is determinative of the issue in the case and makes it unnecessary for us to consider the question of the effect of the clause "subject to homestead loan," which appears in the contract, from the standpoint of its potestivity. We cannot, however, refrain from commenting upon the very excellent treatment of that question in the brief of counsel for appellant, who, with customary ability and thoroughness, has exhausted the subject.

For the reasons assigned, the judgment appealed from is affirmed.