### BOISSEAU v. FIDELITY UNION CASUALTY CO.
No. 14303.

Court of Appeal of Louisiana. Orleans.
June 29, 1933.

Habans & Coleman and A. I. Kleinfeldt, all of New Orleans, for appellant.

St. Clair Adams, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $600 against a surety on a real estate agent's bond furnished in compliance with Act No. 236 of 1920. The defense, which prevailed below, is that the obligations of the bond, which is statutory, do not include liability under the circumstances and facts of this case.

On October 23, 1929, the plaintiff, Henry J. Boisseau, entered into a contract with Thomas S. Powell, under the terms of which Boisseau agreed to pay $12,000 for a piece of real estate owned by Powell, and Powell agreed

to pay $2,500 for some property owned by Boisseau. The corporation of Vallon & Jordano, Inc., whose surety is made defendant in this case, acted as agent in the transaction, and the contract for the reciprocal purchase and sale of the two pieces of property was executed upon a printed form supplied by Vallon & Jordano, Inc., which bore the legend, "Adopted by the New Orleans Real Estate Board." Under the terms of this agreement Boisseau undertook to pay Powell $12,000 cash, provided he could obtain a loan of $9,-500 "to be obtained from any New Orleans Bank, Homestead or Mortgage Office." Boisseau failed to get the money and brought a suit against Powell, Vallon & Jordano, Inc., and the Fidelity Union Casualty Company, defendant herein, seeking the return of the deposit which he had placed in the hands of Vallon & Jordano, Inc., $600 in cash and a note for $600 more. The Fidelity Union Casualty Company excepted to Boisseau's suit on the ground that it was premature and was dismissed from the case. Powell evinced no interest in the proceeding, and the case went to trial on the issue of the right of Vallon & Jordano, Inc., to retain the cash and the note because of the fact that a commission was alleged to be due to them of 5 per cent. on $2,500, plus 4 per cent. on $12,000, or $605, which amount it claimed the right to deduct from the deposit made by Boisseau by virtue of a clause in the contract for the sale of the real estate, reading as follows: "The commission is earned on the signing of this agreement and shall not be affected by any subsequent agreement of the parties hereto, or by the annulment of this contract by any court."

The district court decided the provision referred to be against public policy and void, and the case was appealed to the Supreme Court (Boisseau v. Vallon & Jordano, 174 La. 492, 141 So. 38). That court affirmed the judgment of the district court. Following the conclusion of that suit, the present suit was instituted against the surety of Vallon & Jordano, Inc. The case was tried upon an agreed statement of fact to the effect that Vallon & Jordano, Inc., was engaged in the real estate business, having qualified and given bond with the Fidelity Union Casualty Company, as surety, as required by Act No. 236 of 1920; that Vallon & Jordano, Inc., following the decision of the Supreme Court referred to, returned the note, but did not return the $600 cash deposited with it by the plaintiff, Boisseau, for the reason that it had spent it and the corporation had since become insolvent; that "Vallon & Jordano, Inc., was guilty of no dishonest acts in respect to the contract or in said real estate transaction, or fraud or misrepresentation."

■■■ The first contention advanced by defendant is that the admission by plaintiff's counsel that the action of Vallon & Jordano, Inc., was not dishonest, or due to any misrepresentation, had the effect of destroying the cause of action set out in their petition, where the action of Vallon & Jordano, Inc., is referred to in terms which amount to a charge of embezzlement. Our answer to this contention is that it sufficiently appears in the admitted statement of fact that Vallon & Jordano, Inc., spent money which had been left with them as a deposit. It is of no moment what name is applied to this transaction by counsel, or what terms may be used in describing it, whether censorious or eulogistic. The fact remains that this concern spent money left with it on deposit according to its own admission, and the surety on Vallon & Jordano's bond is either liable to the party who owned the deposit, or it is not. The bond which, as has been said, is statutory, provides that it shall be liable to any person who may have been injured or damaged by a real estate agent or broker "by any wrongful act done in the furtherance of said business, or by any fraud or misrepresentation by said agent or broker." We have held, and are still of the same opinion, that a real estate agent's bond is broad enough to cover the failure of the principal to return a deposit left with a real estate agent pending the consummation of an agreement to purchase real estate. Rosenberg v. Derbes, 161 La. 1070, 109 So. 841; Heine v. Dicks et al., 14 La. App. 51, 129 So. 432; King v. Grevemberg & Son, 13 La. App. 162, 127 So. 642; Texas Company v. Mattison et al., 12 La. App. 186, 125 So. 147; Brodtmann v. Cooper et al., 11 La. App. 101, 120 So. 727; Zeller v. Chetta et al. (La. App.) 148 So. 99. Indeed, we can conceive of no purpose better served by a surety than to guarantee the return of other peoples' money left with their principal on deposit.

■■ But counsel points to the clause in the contract which we have quoted to the effect that the commission is earned when the agreement is signed and cannot be affected by any subsequent agreement of the parties or the annulment of the contract by any court, and argues that this makes a material difference in the situation, so far as the liability of the surety on the bond is concerned, for the reason that the surety is only liable for acts of negligence or of bad faith, and that Vallon & Jordano, Inc., in believing that the clause in the contract entitled them to their commission, was in good faith in retaining the deposit to apply on their commission, and that the fact that the Supreme Court subsequently held this clause in the contract to be against public policy and void did not and could not affect its bona fides. It must be conceded that the surety on a real estate agent's bond is not liable for his civil obligation, or for errors of judgment committed in the proper conduct of the real estate business, and the surety is only liable under the

conditions mentioned in the bond for negligence, or for some wrongful act, or fraud on the part of its principal which causes loss to his customer. Admitting, arguendo, that Vallon & Jordano, Inc., was in good faith in relying upon this provision in the contract as establishing their right to a commission, and that they had a right to retain their commission out of the money in their hands on deposit, they certainly could not retain out of Boisseau's deposit the commission owing them by Powell, under any stretch of the imagination.

■■ There is a clause in the contract to the effect that, if either purchaser fails to comply with his agreement, the other shall have the option to declare the deposit forfeited under certain conditions mentioned therein, and, "in the case of forfeiture of deposits, as provided above, the total commission earned by the agent shall be paid out of said deposits, reserving to the party acting in good faith the right to proceed against the defaulting party for the recovery of said commission."

But here there was no forfeiture of deposits, and neither Boisseau nor Powell made any effort to avail themselves of this clause. Consequently, Vallon & Jordano, Inc., had not a shadow of right, under the terms of the contract as written, to anything more, so far as Boisseau was concerned, than 5 per cent. of $2,500, or $125, the commission which Boisseau had agreed to pay and which, according to the clause in the contract subsequently held invalid, was earned immediately upon the signing of the agreement.

Counsel, in a supplemental brief, says that the Supreme Court in Boisseau v. Vallon & Jordano, 174 La. 492, at pages 498–501, 141 So. 38, found as a fact that there was a total of $650 due Vallon & Jordano, Inc., as commissions. We do not read the opinion that way, but, if we are mistaken, the court certainly did not hold that Boisseau had agreed to pay $650 as a commission on the sale of his $2,500 property, and, under no rational construction of the contract, could Vallon & Jordano, Inc., believe it had a right to keep Boisseau's money to pay a commission which Powell owed them.

We are supplied with a wealth of authority to the general effect that intent is of the essence of crime, and that an agent, in retaining or converting funds under an honest but mistaken belief in his right to do so, is not guilty of embezzlement. We are sorry if we have, by any question propounded during argument of the case, given counsel the impression that we were in need of enlightenment on that point, and regret the unnecessary labor imposed as the result of an evident misunderstanding. Giving full credit to the principle relied upon, we can only say that Vallon & Jordano, Inc., were innocently mistaken in believing that they had the right to appropriate Boisseau's commission from his deposit. We might add that this is not a criminal case, and it is not necessary to convict Vallon & Jordano of embezzlement in order for plaintiff to recover.

It may fairly be said that Vallon & Jordano, Inc. believed that it was entitled to retain out of Boisseau's deposit the amount of commission due by Boisseau, which, under the terms of the agreement, was $125, because of the clause subsequently held invalid which declared that commissions were earned immediately upon the signature of the agreement, regardless of what action the courts might take concerning its validity. At any rate we have concluded to give them the benefit of the doubt.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the plaintiff, Henry J. Boisseau, and against the defendant, Fidelity Union Casualty Company, in the full sum of $475, with legal interest from judicial demand until paid and all costs.

Reversed.