This is a suit in which nine individuals cumulated their claims in one action against the Fidelity Deposit Company of Maryland, the surety on a fidelity bond issued to a real estate corporation known as the Guiffria Realty Company, Inc. Since the suit was filed the claim of one plaintiff has been abandoned. It is alleged that each of the plaintiffs purchased lots in what is known as the "Ponte-Vista Sub-division", Jefferson Parish, Louisiana, from the Guiffria Realty Company, Inc., on the installment plan and received a "bond for deed", and that these plaintiffs paid in to the Realty Company various sums from $40 to $1,378.49, all of which they allege they lost through the inability of the Guiffria Realty Company to deliver title to them in accordance with the terms of the bond for deed and that "the actions of the Guiffria Realty Company as real estate agent were knowingly fraudulent". At the time these contracts were entered into the property was owned by Anthony Guiffria.
The defendant interposed an action of misjoinder which was maintained in the District Court and the suit of plaintiffs dismissed. However, on appeal to the Supreme Court the exception of misjoinder was overruled and the case remanded for trial on its merits, whereupon the defendant filed an exception of prescription of ten years and an answer denying all responsibility.
The case was tried on its merits and resulted in a judgment maintaining the exception of prescription and dismissing plaintiffs' suit.
The suit is based upon a fidelity bond issued by the Fidelity 
Deposit Company of Maryland, which we shall hereafter refer to as the insurer, to the Guiffria Realty Company, Inc., pursuant to the terms of Section 16 of Act 236 of 1920, which provides that: "Before any person, firm, partnership, association or corporation shall be permitted to open, engage in, manage or conduct any real estate agency, or office or deal in real estate * * *, such person, firm, partnership, association or corporation shall furnish bond with good and solvent surety in favor of the Governor of the State of Louisiana * * *, conditioned that such person, firm, partnership, association or corporation shall well and truly carry out the objects and purposes for which said agency, office or business shall have been established, and that such person, firm, partnership, association or corporation shall honestly conduct said business and shall pay all damages which may result from his or their actions as such real estate agents or brokers; and that any one who may have been injured or damaged by said agent or broker by any wrongful act done in the furtherance of said business or by any fraud or misrepresentation by said agent or broker shall have the right to sue for the recovery of such damages before any Court of competent jurisdiction."
It is apparent that the bond required of the real estate agent is a fidelity bond and that the insurer protects those who deal with such agent from loss which they may sustain by reason of his fraudulent or, as it is described in the statute, "wrongful act". The insurer in this case undertook the obligation of this statutory bond and insured those dealing with the Guiffria Realty Company, Inc., against loss due to its wrongful act up to the sum of $10,000, the principal of the bond. We have made this statement concerning the character of the bond because counsel appears to be confused as to its nature as appears by the following excerpt from his brief: "The Court must thus readily see that the bond is furnished to insure the faithful performance of such contracts as may be entered into by the principal and is conditioned that it become effective if the principal fails to carry out the contract which it enters into". *Page 843 
It is not a surety bond which guarantees that the principal will carry out the contract which it enters into.
The insurer first issued its bond to the Guiffria Realty Company, Inc., on November 19th, 1925, and it was from time to time renewed, being in effect up to and including December 31st, 1927. The Guiffria Realty Company was incorporated on the 25th of February, 1926, some three months after the bond was issued, and its charter was not recorded in the office of the Secretary of State until the 18th day of June, 1928. Five of the eight contracts or "bonds for deed" were issued prior to the incorporation of the Guiffria Realty Company, Inc., though most of the payments made under this agreement were received by the corporation later.
The wrongful act complained of upon which plaintiffs rely as fixing the liability of the insurer was the transfer on February 23rd, 1928, by Anthony Guiffria, who it seemed had title to the property, to the Guiffria Realty Company, Inc., and also in permitting the property then standing in the name of the corporation to be sold for taxes on September 13, 1930. It is apparent that both of these transactions occurred after the insurer was no longer on the bond of the corporation. As to the first one, whatever Anthony Guiffria may have done, whether innocently or otherwise, it cannot affect the liability of the insurer of the corporation, and as to the sale for taxes, it is sufficient to say that the insurer was not responsible as its bond was no longer in effect.
In a supplemental brief counsel says "the wrongful act of the agent in this case was its failure to either convey title in accordance with the agreement or to return the deposits which had been made with it". The case of Victor v. Lewis, La.App., 157 So. 293, is relied on as supporting this view. The following quotation appears in counsel's brief: "However, where, as in this case, an owner of real estate receives most of the agreed purchase price of the property he contracted to sell, he is under the moral duty not to alienate or incumber the property to the prejudice of the purchaser. In participating in a transaction of this character, the agent of the owner who had collected all the money paid by the purchaser and knew of his interest in the property is, in our opinion, guilty of a wrongful act, for which his surety is responsible within the meaning of the statute".
In the case before us, however, the realty corporation did not incumber the property to the prejudice of the purchasers or otherwise. As a matter of fact, it could not mortgage property it did not own. The property was already incumbered by Anthony Guiffria before it was conveyed to the corporation. There is no claim that in receiving these payments the corporation was acting in pursuance of a conspiracy to defraud the plaintiffs or that there was any single thing done by the corporation which was tainted with fraud during the life of the insurer's bond. The collection of the partial payments was made under a contract which, so far as its execution had developed at that time, was beyond reproach, whatever may be said of the action of the corporation in permitting the property to be sold for taxes and bought in by the Conservative Homestead Association, the holder of the mortgage, which occurred two or three years after the expiration of the bond.
None of the plaintiffs had paid in full all of the installments due under the agreement of purchase at the time defendant's bond expired on December 31st, 1927, consequently, none were in a position to demand specific performance.
It is a singular fact that when the bond was issued the corporation was not in existence and it is also singular that the corporation, at no time during the two years when the insurer's bond was in effect, owned the property which, at the time it was sold to plaintiffs, was still in the possession of Anthony Guiffria, who conveyed it to the corporation about two months after the bond expired. However, no point is made of these extraordinary circumstances so we merely note them in passing.
It must be borne in mind that this is not an action against the Guiffria Realty Company, Inc., but against its insurer, and if anything had occurred during the existence of the bond which might be denominated a wrongful act, as defined by the statute, of course, the defendant would be liable.
As we see it, when the bond expired the corporation had committed no fraud and had done nothing inconsistent with an honest intention to carry out its contract. A different situation might be presented if the insured had bonded the corporation *Page 844 
during the time the wrongful acts complained of were committed.
We believe that the Legislature in the requirement of these bonds as a condition precedent to engaging in the real estate business intended to protect the public from the fraudulent misconduct and bad faith of real estate agents and we have, on several occasions, indicated that, in our opinion, the act should not be narrowed by a too strict construction of its terms, but we do not believe that it can or should be extended beyond the express provisions of the statute or their necessary implication.
Our conclusion is that since no wrongful act of the insured has been proven during the existence of the bond of the insurer, that plaintiffs cannot recover.
For the reasons assigned the judgment appealed from insofar as it dismissed plaintiffs' suit is affirmed.
Affirmed.