59 So.2d 401

**WEISER v. DI CRISTINA et al.**

No. 39956.

April 28, 1952.

Rehearing Denied June 2, 1952.

John D. Nix, Jr., New Orleans, for plaintiff-appellant.

Charles E. Cabibi, New Orleans, for defendant-appellee.

MOISE, Justice.

This is a suit to have declared forfeited a deposit of $4,000 made by defendant in connection with his offer to purchase the premises 2231–33 Canal Street, corner of North Miro, with furniture and fixtures included. It is a sequel to the case of Di Cristina v. Weiser, No. 272,006, Civil District Court for the Parish of Orleans, No. 39,018 of the docket of this Court, reported in 215 La. 1115, 42 So.2d 868, 871, where we held that Di Cristina had no right to bring an action for specific performance, because the time within which he had been obligated to take title had expired and "any extension of time for performance, where failure to comply, ipso facto, places the offeror in default, would have to be in writing under Article 2276 of the Civil Code," and that no agreement by the vendor's attorney, oral or otherwise, waiving the purchaser's default or extending the time of performance, was binding on the vendor without express written authority to that effect. As a result therefore of our decree in the antecedent suit, the court a qua maintained the special plea of res adjudicata filed by Di Cristina, defendant herein, in bar to the instant action.

The sole question for our consideration here is one of law—Does the present action come within the purview of Article 2286, R.C.C., as a thing adjudged. This codal article provides:

"The authority of the thing adjudged takes place only with respect to

what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

In the instant case plaintiff contends that "the issue is not the same, nor the parties the same, as Clarence E. Stauss is a defendant in the present proceeding, and was not a party to the pleadings wherein defendant bases a plea of res adjudicata." (Mr. Stauss is a real estate broker who was agent for the vendor in the suit for specific performance, and it was he with whom the purchaser, Di Cristina, had made the deposit now sought to be declared forfeited as earnest money; however, while he has been cited to set up such claim for commission as he might have in said deposit [which is the sole subject of the present dispute], he has failed to make any appearance in these proceedings.)

Defendant, on the other hand, argues, in support of his plea of res adjudicata, that the claim to forfeiture was the subject of a reconventional demand made by Mrs. Weiser, plaintiff herein, as defendant in the suit for specific performance, and that our judgment dismissing his (Di Cristina's) action operated as a dismissal of the reconventional demand. Wherefore the plea of res adjudicata.

█ While it is true that ordinarily a prior judgment is res adjudicata of all

questions arising out of the same cause of action, this principle cannot be applied indiscriminately in such a fashion as to lead to absurd consequences. The decision of this court in the case of Di Cristina v. Weiser, No. 39018 of the docket of this Court, 215 La. 1115, 42 So.2d 868, turned on the holding that the agreement for extension of time to perform a contract for the purchase of real estate must be in writing, and that therefore Di Cristina had no right to bring suit for specific performance, since he himself was in default.

"Hence, we hold that the contract required plaintiff to take title on or before April 2, 1946 and that, by its terms, *he defaulted by his failure to do so.*

"Since plaintiff *was in default on and after* April 2, 1946, he could not subsequently place defendant in default as Article 1913 of the Civil Code provides that, in commutative contracts where reciprocal obligations are to be performed at the same time, 'the party who wishes to put the other in default, must, at the time and place expressed in, or implied by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default.'" 215 La. 1115, 1123, 42 So.2d 868, 870.

█ A re-examination of the record in Case No. 39018 discloses that the district

court judgment (which we reversed) ordered specific performance, that is, judgment for the plaintiff; in our decree we reversed the judgment and dismissed plaintiff's suit for the reasons stated supra. The question of defendant's reconventional demand for forfeiture of the deposit under the very terms of the contract was not called to our attention in brief by either side; the sole issue argued was the effect of an unwritten extension of the time provision in the agreement to purchase. But, in any event, for this court to hold in one case that a party to a contract has defaulted and then in a subsequent case to refuse to hold him to the consequences of his default because of an inadvertent omission in the previous decree would be tantamount to a perpetuation of error, reductio ad absurdum.

"The principle by which a demand not granted or reserved in the judgment must be considered as rejected * * * has no application in a case like the present one, where the thing omitted to be decreed is a necessary and inevitable consequence of the judgment, following it in the light of the law as the shadow follows the substance in the sunlight." McManus v. Scheele, 118 La. 744, 747, 43 So. 394.

For the reasons assigned, the judgment appealed from is reversed, the plea of res adjudicata is overruled, and the case is remanded for further proceedings not inconsistent with the views herein expressed.