McLOUGHLIN, Judge ad hoc.
This is a suit by Lonnie E. Langley and his wife against Roland J. Rieth, a real estate agent, Nicholas P. Wagner,. principal of Rieth, who is an' absentee represented by duly appointed curator ad hoc; by supplemental petition the Massachusetts Bonding and Insurance Company, bondsman for Rieth, was made a party. There was considerable legal sparring by way of exceptions and. other pleadings but in the final analysis the Langleys sue Rieth, Wagner and the Bonding Company asking (a) that the contract be cancelled as between them and Wagner and (b) that there be judgment in their favor against Rieth and the Bonding Company, in solido, for the amount of the deposit made by the Lang-leys under the contract. Final judgment was rendered against Wagner and Rieth cancelling and annulling the contract and against Rieth and Massachusetts Bonding and -Insurance Company, in solido, for $1,200, the amount of the deposit, interest and costs. The Massachusetts Bonding and Insurance Company alone has appealed.
The record shows the following facts conclusively: On June 2, 1949, the Lang-leys signed the usual form of offer to pur *804 chase the premises No. 140 Laine Avenue in' New Orleans for $6,3-50. This offer was predicated upon a number of- conditions (for the purpose of our decision we refer only to those which are necessary to encompass our. conclusions) including the express provisions that all concrete work was to be furnished and that occupancy would be given to the Langleys prior to the date of the act of sale which was to be passed on or before -July 20, 1949. The offer was ostensibly accepted by Wagner,the owner of the property, and a 'deposit of $1,200 was made, as per the contract by the Langleys with Rieth, the owner’s agent, who was bonded according to the terms of Act No. 236 of 1920, as amended by Act No. 175 of 1936, now LSA-R.S. 37:1447, by. the Massachusetts Bonding and Insurance Company. The act provides that:,
“before any person, firm * * * shall * * * conduct any' real estate agency or office or deal in real estate * * * such person, firm. * * * shall furnish bond with good and solvent surety * * * conditioned that such person, firm ■* * * shall pay all damages which may result from his or their actions as such real estate agents or brokers; and that anyone who may have been injured or damaged by said agent or broker by any wrongful act done in the furtherance of said business or by any fraud or misrepresentation by said agent or broker shall have the right to sue for the recovery of such damages before any court of competent jurisdiction”.
The stipulation in the contract relative to concrete work is plainly shown to mean the concrete foundation and footings therefor.
The Langleys tried in vain, through Rieth, Wagner having left the State, 'to have the house put in condition for them to move in, which efforts continued until the very date set for passage of the act of sale, July 20, 1949. The record shows beyond dispute, ■ however, that until that date, and as a matter of fact, until some four months after that date, the concrete foundations were in such condition as to be mere tokens, shams, unfit to suitably support the house.
On July 29, 1949, the Langleys demanded the return of their deposit; when it was not forthcoming they filed this suit.
The question involving the jurisdiction of this court has not been raised, but it is this court’s duty to take judicial notice thereof, without the necessity of a plea. We here observe that the contract for the purchase of real estate valued at $6,350 has been cancelled and annulled by a final judgment from which no appeal has been taken, and therefore this appeal presents only a question of the liability of the Massachusetts Bonding and Insurance Company as statutory bondsman for Rieth, the real estate agent, for the return of the $1,200 deposit received by Rieth under the cancelled contract which is not now in dispute. The rationale expressed in Richardson v. Charles Kirsch & Co., 191 La. 991, 187 So. 1, and Jourdan v. Jones, La.App., 33 So.2d 416, permit this court to exercise its jurisdiction therein. The Massachusetts Bonding and Insurance Company, hereinafter referred to as the Bonding Company, is the sole defendant complaining on appeal of the judgment rendered and its complaint, boiled down to the essence, is that the statutory 'bond signed by it for Rieth, the agent, does not cover the deposit made under the agreement. We say this is the Bonding Company’s sole defense because the facts leave it devoid of any other defense. The Bonding Company relies heavily upon. Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868, and Weiser v. Di Cristina, 221 La. 306, 59 So.2d 401. In our opinion, 'the Di Cristina cases are in no way relevant to the case before us; in the matter before us Wagner agreed to sell the Langleys a house. He agreed that before July 20, 1949, when the act of sale was to> be passed, he, Wagner, would put it on solid foundations and permit them to move in. Wagner never placed the house on solid foundations. July 20, 1949, came and passed with the Langleys begging to have the foundations fixed properly so that they could move in; Wagner did nothing. We cannot see *805 how the doctrine of Di Cristina v. Weiser or Weiser v. Di Cristina, supra, covers this case.
The Bonding Company also argues that, under the decision of Seybold v. Fidelity & Deposit Co. of Maryland, 17 So.2d 841, 843, decided by this court, fraud must be alleged and proved to 'hold the real estate agent’s bondsman under the statutory bond referred to hereinabove. A reading of that case convinces us that its holding does not support this argument.
The Seybold case holds'that the bond required by statute is not a performance bond as to all contracts entered into by the bonded broker, and that no wrongful or fraudulent acts were committed by the broker during the existence of the bond. It must be noted that we said:
“It must be borne in mind that this is not an action against the'' Guiff ria Realty' Company, Inc., but against’ its insurer, and if anything had occurred during the existence of the bond which might be denominated a wrongful act, as defined by the statute, of course, the defendant would be liable.”
In the case of Boisseau v. Fidelity Union Casualty Co., La.App., 149 So. 175, 176, this court stated:
" * * * We have held, and are still of the same opinion, that a real estate agent’s bond is broad enough to cover the failure of the principal to return a deposit left with a real estate agent pending the consummation of an agreement to purchase real estate. Rosenberg v. Derbes, 161 La. 1070, 109 So. 841; Heine v. Dicks, 14 La.App. 51, 129 So. 432; King v. [F. B.] Grevemberg & Son, 13 La.App. 162, 127 So. 642; Texas Comany v. Mattison, 12 La.App. 186, 125 So. 147; Brodtmann v. Cooper, 11 La.App. 101, 120 So. 727; Zeller v. Chetta, La.App., 148 So. 99. Indeed, we can conceive of no purpose better served by a sur.ety .than to guarantee the return of other peoples’ money left with their principal on deposit.”
We have never held that the statutory bond required of real estate agents does not cover the unjustified retention by an agent of. a deposit made with him as an' agent. Such a holding in our opinion would destroy the Legislature’s intent of requiring the bond.
Rieth, as real estate broker, got a$l,200 deposit from the Langleys under a real estate contract; the contract has been can-celled and annulled by a judgment in the Langleys’ favor against Rieth’s principal; Rieth has been condemned to return that .deposit to the Langleys — he has failed to do so. It is proper that the Bonding Company, which saw fit to sign his bond when he qualified as a real estate broker, be condemned with him, in solido, .for the return of the deposit.
The judgment is affirmed at the cost of appellant.
■Affirmed."
JANVIER,-J., absent, takes:no part. ■