241 So.2d 527

**STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS**

**v.**

**Henry G. NEYREY, Jr. et al.**

No. 51018.

Dec. 14, 1970.

PER CURIAM.

Application Not Considered:

The defendants-appellees apply for certiorari to review the overruling by the court of appeal of their motion to dismiss the plaintiff-appellant's appeal.

This court will not consider an application for a writ to review a judgment of the court of appeal until an application for rehearing has been refused by that court. La.Const. Art. VII, Section 11. The intermediate court will not consider an application for rehearing as to its judgment overruling a motion to dismiss an appeal. Uniform Rules, Courts of Appeal, Rule XI, Section 6 (1963). See similar rule of this court, Supreme Court Rule XI, Section 4 (1962).

The essential reason for these rules is that such is an interlocutory, not a final, judgment of the court of appeal. See: Suarez v. Suarez, 158 La. 682, 104 So. 616 (1924), State v. White, 156 La. 770, 101 So. 136 (1924); Gagneaux v. Desonier, 109 La. 460, 33 So. 561 (1901); Succession of Edwards, 34 La.Ann. 216, 221 (1882).

As these decisions indicate, when a party is aggrieved by an erroneous overruling of his motion to dismiss an appeal, the rule of court does not permit him to apply for rehearing as to the interlocutory judgment to this effect. Nevertheless, when the appellate court enters its final judgment disposing of the appeal, the party is entitled at that time to seek review by application for

rehearing (and, if that is denied by an intermediate court, by writ of review) of the allegedly erroneous ruling. Before final adjudication, the appellate court is empowered to correct such an erroneous interlocutory ruling. Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970); Hamilton v. Creditors, 51 La.Ann. 1035, 25 So. 965 (1898); State ex rel. Leche v. Fowler, 42 La.Ann. 144, 7 So. 180 (1890).

An interlocutory judgment denying a motion to dismiss an appeal must, of course, be distinguished from any judgment finally disposing of the appeal before the appellate court whether or not it disposes of the litigation on its merits. The latter is reviewable by timely application for a rehearing. (Frederick v. Brown Funeral Homes, 222 La. 57, 62 So.2d 100, 1952; State ex rel. Gerson v. Richardson, 37 La. Ann. 261, 1885; Cloud v. Cloud, 127 So.2d 560, 571–572, La.App. 3rd Cir. 1961), and, if such is denied by the court of appeal, by writ of review by this court, La.Const. Art. VII, Section 11. (As a matter of practice, however, this court does not usually review court of appeal judgments which remand the case for further proceedings.)

The present being an interlocutory judgment of the court of appeal overruling a motion to dismiss the appeal, the application for certiorari to review it is premature. Our refusal is without prejudice to applicants' right to re-urge these contentions here, after a denial of a timely application for rehearing as to the ultimate judgment of the intermediate court disposing of the appeal.

Application not considered.