TAYLOR, Judge.
This is an appeal by the plaintiffs-appellants, from a judgment rendered in favor of one of the defendants, Western Surety Company-appellee, dismissing plaintiffs’ suit. The other defendant, Merlin J. May-eur, d/b/a Mayeur & Company, was cast in judgment but has not appealed and this part of the judgment is not before the court for consideration.
*684 From a reading of the entire record, the findings of fact and the applicable law as set out in the excellent Reasons for Judgment of the trial court are substantiated.
We now adopt these Reasons for Judgment which are as follows:
“This is a suit brought for alleged breach of contract of an agreement to purchase real estate.
“The plaintiff property owners executed an agreement to sell to one of the defendants, Merlin J. Mayeur, d/b/a Mayeur and Company, a licensed real estate agent, certain immovable property for the price of $85,000.00, in accordance with the terms and conditions set out in the agreement.
“The evidence indicates the following:
“A saleswoman employed by the defendant real estate broker, believing that she had a prospective purchaser for certain property owned by the plaintiffs Fossiers, sought to secure a listing contract from them. After several discussions it was apparently decided that the Fossiers would not sign a listing contract with the broker’s concern. However, the broker’s saleswoman was successful in inducing the Fossiers to sign an offer to sell — subsequently accepted by the broker, who signed the contract without indicating thereon that he was ostensibly acting for another, except for the notation ‘as per signed offer in our files’ over his signature.
“Pertinent provisions of the contract provide that the purchaser is to place a ten per cent deposit (i. e. $8,500), in lieu of which deposit the contract is to be deemed breached and the amount of such deposit is to be treated as liquidated damages. The deposit never was secured, the act of sale never took place, and, in due time, this suit followed. Plaintiffs, the Fossiers, seek to recover $8,-500.00 plus reasonable attorney’s fees. Named as defendants are the broker and his statutory surety.
“When the broker signed the contract, not only did he not disclose the name of his now purported principal, but he in fact actively sought to hide the latter’s identity, in an effort, he suggests, to protect his commission. In so doing, the broker became personally liable on the contract, for one who acts for an undisclosed principal is personally bound by the terms of the contract even when the other contracting party knows that he is but acting as an agent. Dumaine & Co. v. Gay, Sullivan & Co. [La.App.], 192 So. 117; Bush v. Saucier [La.App.], 197 So.2d 907, 1st Cir. (1967).
“The broker’s statutory bond is a fidelity bond, not a surety bond which guarantees that he will carry out the contract entered into, and thus the surety is responsible only for damages caused by want of fidelity on the part of the broker and not for errors of judgment. Seybold v. Fidelity & Deposit Co. of Maryland [La. App.], 17 So.2d 841. The Fossiers have made no attempt to prove actual damages in this matter but instead rely upon the figure stipulated as liquidated damages in the contract between themselves and the broker. The gist of their complaint seems to be that the broker did not secure a ten per cent deposit for their benefit from the principal for whom he was ostensibly acting. Since there was no listing contract in this case under which a contracting vendee (if such a one ever existed) could be required by the broker to place a ten per cent deposit, the sole responsibility for the deposit devolved upon the broker by virtue of the contract. Thus the only certain damage figure presented in the present proceedings is the contractual damages stipulated as between the Fossiers and the broker. The surety cannot be held responsible for such a contractual obligation on the part of the broker under the contract to purchase. Insofar as damages go arising out of a dereliction of duty on the part of the broker to the Fossiers, plaintiffs have proved none. No such proof was even attempted, and *685 presumably the Fossiers are in the same situation in which they were before the signing of the contract. No actual damages having been proved, the surety cannot be held under its statutory fidelity bond.”
For the foregoing reasons the judgment of the trial court is affirmed.
Affirmed.